### Richardson Estate

*Edwin S. Moore, 3rd,* for accountant.

*Louis C. Bechtle,* U. S. Attorney General, and *Richard I. Galli,* Assistant U. S. Attorney, for United States.

*Marvin I. Block,* Special Assistant Attorney General, for Commonwealth.

SHOYER, J., January 28, 1971.—

## AMENDED ADJUDICATION

Decedent, Jim James Richardson, died intestate on July 12, 1969. In due course, the account of his administrator, William A. Robbins, came before me for audit. No heirs appeared, although in his report under rule 69.4, counsel for the accountant states that decedent had been married to one Ophelia Richardson and had two daughters and two sons, Lilly Richardson, Dotti Lou Richardson, Arthur Richardson and Isaac Richardson. At this time it is not known whether any of the aforementioned individuals survived decedent.

Counsel for the Federal government filed exceptions to my adjudication dated October 15, 1970, because the balance of $1,238.87 shown in the account of the administrator was awarded to the Commonwealth of Pennsylvania to be paid into the State Treasury without escheat, pursuant to section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS § 1314.

Counsel for the United States contends that approximately 80 percent of the funds received by the guardian of decedent's estate were paid by the Federal government to decedent, a deceased World War I veteran, and should be repaid to the Federal government under section 3202(e) of Title 38 U.S.C.

The government's exceptions were dismissed pro forma by our Orphans' Court Division en banc, and the matter referred back to me at my request for further consideration.

My earlier adjudication failed to consider section 13(a) of the Intestate Act of 1947, P. L. 80, 20 PS § 1.13 entitled "Shares not claimed within seven years" and provides:

"Any person entitled under this act to a share of the estate of the decedent must make legal claim to his share of the personal estate within seven years of the death of the decedent, or be debarred from claiming such share thereof as shall have been distributed pursuant to adjudication or decree: Provided, That if any such person shall be a minor at the death of the decedent, the seven years shall commence to run upon his attaining majority."

Counsel for the Federal government frankly admits that "The records available to the Veterans' Administration indicate a possibility of heirs, but their whereabouts are unknown."

No evidence was submitted to rebut the presumption that these known heirs survived decedent. See Martinzik Estate, 25 D. & C. 2d 701-12 (1962).

In view of the foregoing, my adjudication dated October 5, 1970, is amended so that the 20 percent portion of the balance of $1,238.87, not claimed by the Federal government, is awarded to the Commonwealth of Pennsylvania and directed to be paid into the State Treasury under section 1314 of The Fiscal Code, and 80 percent of the balance of $1,238.87 is awarded back to the accountant for further accounting, and the accountant is directed to deposit said amount in his name as administrator of the Estate of Jim James Richardson, deceased, in a savings account in the Philadelphia Savings Fund Society, the account to be marked "not to be withdrawn until further order of the court," and the investment so marked shall be promptly exhibited to the court for inspection.

The foregoing is without prejudice to the right of the Federal government to press its claim under section 3202(e) of Title 38 U.S.C., after July 12, 1976.

The accountant is directed to file a petition for distribution of the fund after July 12, 1976, unless sooner directed to do so by the court.

And now, this January 28, 1971, my adjudication dated October 5, 1970, is modified as above, and the account is reconfirmed nisi.